UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES WHELPLEY,

    Plaintiff,

v.                                  Case No:  2:13-cv-663-FtM-38DNF

CHECK MART OF FLORIDA, INC.,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #13) filed on October 25, 2013. On September 16, 2013, Plaintiff filed a two count Complaint against Defendant alleging violations of the Telephone Consumer Protection Act and Florida Consumer Collection Practices Act. (Doc. #1). Prior to this matter, the Parties entered into an agreement that waived rights to a jury trial and mandated arbitration. (Doc. #13-1). In light of this contract, Defendant contends (1) the Complaint should be dismissed; or alternatively (2) the jury demand in the Complaint should be stricken, this action should be stayed, and Plaintiff should be compelled to arbitrate. Plaintiff does not oppose the Motion. (Doc. #15). Specifically, Plaintiff indicates he does not oppose an arbitration conference in accordance with the terms and conditions of the agreement. Plaintiff requests this Court to stay the proceedings in light of an arbitration proceeding.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

The Federal Arbitration Act compels district courts to stay proceedings involving claims that are subject to arbitration. 9 U.S.C. § 3. Additionally, the Eleventh Circuit has instructed "[u]pon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration." Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 699 (11th Cir. 1992) (citing 9 U.S.C. § 3). Further, if the Parties do not proceed to arbitration, then a court may compel arbitration. Id. (citing 9 U.S.C. § 4). Upon consideration of the motion and agreement between the Parties, the Court finds the Parties have contracted to arbitrate this pending matter and accordingly this action should be stayed pending arbitration.

Accordingly, it is now **ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. #13) is **GRANTED in part and DENIED in part**. This matter is **STAYED** pending notification by the Parties (a) that they have completed the arbitration process and the stay is due to be lifted; or (b) the case is due to be dismissed.

(2) The Parties shall file a joint status report with this Court every **ninety days** until this matter is resolved.

(3) The Clerk is directed to terminate all deadlines and pending motions. The Clerk is further directed to administratively **CLOSE** this case until resolution of the arbitral proceedings.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of November, 2013.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record